**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Fotini Karamboulis
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
Fotini.Karamboulis@Ogletreedeakins.com
Attorneys for Defendant
*XPO Logistics, Inc. Medical Plan*

---

| | |
|---|---|
| JOHN CIAPPI, by its attorney in fact Progressive Spine and Orthopedics, LLC under a Power of attorney, | Civ. Action No.: |
| Plaintiffs, | *Civil Action* |
| -against- | **NOTICE OF REMOVAL** |
| XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) AND XYZ CORP. (1-100), | |
| Defendants. | |

---

**TO:    CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Jeffrey M. Halkovic, Esq.
Halkovich Law, LLC
266 Harristown Road, Suite 302
Glen Rock, New Jersey 07452

Michelle M. Smith, Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex

25 W. Market Street
6th Floor North Wing
Trenton, New Jersey 08611

Clerk, Superior Court of New Jersey
Law Division Bergen County
10 Main Street
Hackensack, New Jersey 07601

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, *et seq.*, Defendant XPO Logistics, Inc. Medical Plan ("Defendant"), brings this Notice of Removal with respect to the case identified as *John Ciappi, by its attorney in fact, Progressive Spine and Orthopedics, LLC v. XPO Logistics, Inc. Medical Plan,* Docket No. BER-L-002841-20, removing this case from the Superior Court of New Jersey, Bergen County (the "State Court Action"). (*See* Exhibit A.)  This action is being removed to this Court based upon federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e)(1) ("ERISA"), general federal question jurisdiction under 28 U.S.C. §1331, and 28 U.S.C. § 1441(a).

**I.     Timeliness of Removal**

1.      On or about May 14, 2020, Plaintiff John Ciappi, by his attorney in fact, Progressive Spine and Orthopedics, LLC ("Plaintiffs") commenced the State Court Action. Defendant was served with process via Registered Agent Solutions, Inc. on May 19, 2020.

2.      This removal is timely because the removal is filed within the time set forth in 28 U.S.C. § 1446(b).

**II.    Venue**

3.      The Superior Court of New Jersey, Bergen County, is located within the venue of the United States District Court for the District of New Jersey.  Therefore, venue for the purposes of

2

removal is proper in this District because this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. Basis for Removal: Federal Question Jurisdiction

4. This Court has federal question jurisdiction over the claims against Defendant because Plaintiffs allege that Mr. Ciappi is a participant and/or beneficiary of an employee welfare benefit plan and seeks to obtain health benefits under the plan. The plan is controlled by ERISA:

   a. At all times relevant hereto, XPO Logistics, Inc. established and/or maintained an employee welfare benefit plan providing, among other things, health and medical benefits to eligible employees of XPO Logistics, Inc. and their beneficiaries;

   b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. § 1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

   c. The plan was established and is maintained for the purpose of providing, among other things, health and medical benefits for participants and/or beneficiaries of the plan;

   d. The plan was and is therefore an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1);

   e. Plaintiffs seek to obtain benefits under said employee welfare benefit plan; and

   f. Pursuant to ERISA, 29 U.S.C. § 1132(e)(1), the District Courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or to obtain other relief under employee welfare benefit plans.

5. This action is therefore one of which the United States District Court for the District of New Jersey has original jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### Basis for Removal: Federal Question Jurisdiction

6. Plaintiffs' Complaint alleges that Plaintiffs are entitled to benefits under an ERISA-governed health plan and expressly seeks relief under federal ERISA, 29 U.S.C. §1132(a)(1)(B).

3

Pursuant to 28 U.S.C. §1331, the District Courts of the United States have original jurisdiction of all civil actions arising out of the laws of the United States. This Court therefore also has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

**Basis for Removal: Supplemental Jurisdiction**

7. To the extent Plaintiffs purport to bring any state law claims in their Complaint, the Court may exercise supplemental jurisdiction "over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Federal-law and state-law claims form part of the same case or controversy where they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (alteration in original)).

**V.  Process, Pleadings, and Orders Served**

8. Attached as Exhibit A are all of the Process, Pleadings and Orders served on the Defendant at the time of removal.

9. To date, the Defendant has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired.

10. In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served upon Plaintiffs and filed with the Clerk of the Superior Court of New Jersey, Bergen County.

**WHEREFORE**, the Defendant respectfully notifies this Court of the removal of this action pursuant to ERISA, general federal question, and 28 U.S.C. § 1441(a), from the Superior Court of New Jersey, Bergen County to the United States District Court for the District of New Jersey.

Dated: Morristown, New Jersey
June 17, 2020

                                                                                     Respectfully submitted,

                                                                                     **OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Attorneys for Defendant
*XPO Logistics, Inc. Medical Plan*

*s/ Fotini Karamboulis*
Fotini Karamboulis
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Fotini.Karamboulis@Ogletreedeakins.com

43146486.1

# EXHIBIT A

REGISTERED AGENT SOLUTIONS INC

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

5/19/2020

Service of Process Department
**XPO Logistics, Inc.**
c/o Legal Department
2211 Old Earhart Road
Ann Arbor, MI 48105 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: XPO Logistics, Inc.**

---

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: HALKOVICH LAW, LLC

**SERVICE INFORMATION**

Service Date: 5/19/2020
Service Time: 1:00PM EDT
Service Method: Process Server

**RASi REFERENCE INFORMATION**

Service No.: 0137747
RASi Office: Connecticut
Rec. Int. Id.: JLW

**CASE INFORMATION**

Case Number: BER-L-002841-20
File Date: 05/15/2020
Jurisdiction: NEW JERSEY SUPERIOR COURT, LAW DIVISION, BERGEN COUNTY
Case Title: JOHN CIAPPI V. XPO LOGISTICS INC. MEDICAL PLAN, ET AL

**ANSWER / APPEARANCE INFORMATION**

35 days *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

Firm/Issuing Agent: HALKOVICH LAW, LLC
Attorney/Contact: JEFFREY M. HALKOVICH
Location: New Jersey
Telephone No.: 201-292-1618

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
OtherDetail: DESIGNATION OF TRIAL COUNSEL; CERTIFICATION
Exhibits included

**ADDITIONAL NOTES**

DOCUMENT WAS SERVED TO "XPO LOGISTICS INC. MEDICAL PLAN", ACCEPTED PER CLIENT REQUEST.

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

## SUMMONS

Attorney(s) Halkovich Law, LLC
Office Address 266 Harristown Road, Suite 302
Town, State, Zip Code Glen Rock, NJ 07452

Telephone Number 201-292-1618
Attorney(s) for Plaintiff Jeffrey M. Halkovich, Esq.

John Ciappi, by its attorney in fact

Progressive Spine and Orthopedics
     Plaintiff(s)

vs.

XPO Logistics, Inc. Medical Plan

     Defendant(s)

## Superior Court of New Jersey

Bergen County
Law Division
Docket No: BER-L-2841-20

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 05/15/2020

Name of Defendant to Be Served: XPO Logistics, Inc. Medical Plan

Address of Defendant to Be Served: 5 American Lane, Greenwich, Connecticut 06831

A True Copy
Attest:
Process Server
Sandra Vide

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**HALKOVICH LAW, LLC**
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
Attorney(s) For Plaintiff
Jeffrey M. Halkovich, Esq.
BAR ID #: 038522005

| | |
|---|---|
| JOHN CIAPPI, by it's attorney in fact Progressive Spine and Orthopedics, LLC under a power of attorney, <br><br> Plaintiff, <br><br> -v- <br><br> XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) a fictitious person who is presently unknown and XYZ CORP. (1-100), a fictitious partnership, corporation, sole proprietorship, limited liability company and/or Self Funded health plan whose identity is presently unknown <br><br> Defendant(s). | **SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY LAW DIVISION: CIVIL PART** <br><br> **Docket No.:** <br><br> **CIVIL ACTION** <br><br> **COMPLAINT** |

The Plaintiff, JOHN CIAPPI, by his Attorney in Fact Progressive Spine and Orthopedics, LLC, under a Power of Attorney, whose address XX Walton Ave., Oakland, New Jersey, by way of Complaint against the Defendant(s), XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) says:

### THE PARTIES

1. At all times mentioned hereinafter Plaintiff, JOHN CIAPPI is an individual with an address of XX Walton Ave., Oakland, New Jersey.

2. At all relevant times, PROGRESSIVE SPINE AND ORTHOPEDCS, LLC, is the true and lawful Attorney in Fact for JOHN CIAPPI. (See Exhibit A.)

3. Upon information and belief and at all times mentioned hereinafter Defendant(s), XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) and/or XYZ CORP (1-100) is the Plan Sponsor of a self-funded employee welfare benefits plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA) which provides its' beneficiaries, member(s) and/or insured(s) certain health and welfare benefits.

4. At all relevant times mentioned hereinafter Defendant(s) XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) sponsored a health and welfare benefits Plan which provided certain health and welfare benefits to its insured, John Ciappi.

5. The Plan and/or its Third Party Administrator (TPA) CIGNA assigned Insurance ID number U090172XXXX to Plaintiff.

## ANATOMY OF THE CLAIM

6. This dispute arises from Defendant's failure to properly reimburse Plaintiff, JOHN CIAPPI for the medically necessary, reasonable and valuable surgical services provided to him on or about April XX, 2018.

7. On or about April XX, 2018, Plaintiff, JOHN CIAPPI was provided with certain medically necessary, reasonable and valuable surgical services for a certain lumbar spine surgery.

8. Plaintiff, JOHN CIAPPI is a beneficiary, member and/or insured of Defendant(s)' Medical Plan and is eligible and entitled to benefits under the terms of same.

9. On or about July 27, 2018, a HCFA 1500 claim form(s) was sent to Defendant and/or their Third Party Administrator (TPA) CIGNA for reimbursement of the services provided to Plaintiff on April XX, 2018.

10. On or about June 19, 2018 a payment in the amount $890.79 was paid by CIGNA on behalf of Defendant's plan.

11. On or about December 12, 2018, the Plans applicable administrative appeal procedures were exhausted.

12. To date, the Plan has only paid $890.79 with regard to the treatment rendered to Plaintiff on April XX 2018.

12. At all times mentioned hereinafter, Defendant(s), XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) have failed to comply with the terms of its Plan, including but not limited to the out of network portion, maximum charges section, recognized charges section, maximum allowable charges and the medical/cpt coding section(s) of Defendant's Summary Plan Description (SPD).

14. Accordingly, Plaintiff brings this action through its Attorney In Fact to enforce a Plan benefit pursuant to 29 U.S.C. §1132 (a)(1)(b) in the amount of $143,043.60

## COUNT 1

### ACTION TO ENFORCE A PLAN BENEFIT PURUSUNAT TO U.S.C. §1132 (a)(1)(b)

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint and incorporates same by reference hereto.

16. Section 502 (a)(1)(b) codified at 29 U.S.C. §1132 (a)(1)(b) provides a cause of action for a beneficiary or participant seeking to enforce a benefit under a Plan.

17. Plaintiff has standing to seek the relief requested based on a true and lawful power of attorney executed by John Ciappi naming Progressive Spine and Orthopedics, LLC its true and lawful Attorney in Fact. (See Exhibit A.)

18. Plaintiff properly made a claim for benefits when it submitted a HCFA 1500 claim form to Defendant and/or their Third Party Administrator CIGNA for the services rendered to Plaintiff on April XX, 2018.

18. Furthermore, the Plans applicable administrative appeal procedures were exhausted resulting in failure to pay according to the terms of Defendant's Plan.

19. JOHN CIAPPI is entitled to additional reimbursement pursuant to the terms of Defendant's Plan, including but not limited to the out of network portion, maximum charges section, recognized charges section, maximum allowable charges and the medical/cpt coding section(s) of Defendant's Summary Plan Description (SPD) in the amount of $143,043.60 for the services provided to him on April XX, 2018.

20. Plaintiff alleges that Defendant's action to deny correct reimbursement for the services rendered to JOHN CIAPPI was arbitrary, capricious, wrongful, improper, and in violation of the terms of its Plan.

21. As a result, JOHN CIAPPI has been damaged and continues to suffer damages in the amount of $143,043.60

**WHEREFORE**, Plaintiff, JOHN CIAPPI by its Attorney in Fact Progressive Spine and Orthopedics, LLC under a Power of Attorney, hereby demands judgment for damages against the Defendant(s), XPO LOGISTICS, INC. MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) as follows:

A. For an Order directing Defendant to pay Plaintiff $143,043.60

B. For an Order directing Defendant to pay Plaintiff all benefits John Ciappi is entitled to under the terms of its Plan;

C. For compensatory damages and interest;

D. For attorneys' fees and costs

E. For such other relief as the Court may deem just and proper.

DATED: May 14, 2020

Respectfully submitted,

Jeffrey M. Halkovich
HALKOVICH LAW, LLC
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
jhalkovich@halkovchlaw.com
*Attorneys for Plaintiff, John Ciappi by its attorney in fact Progressive Spine and Orthopedics, LLC under a power of attorney*

## CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action in any Court or of a pending arbitration proceeding.

Jeffrey M. Halkovich
Attorney for Plaintiff

DATED: May 14, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4 Plaintiff(s) hereby designate Charles H. Lynch, Esq. as trial counsel.

A True Copy
Attest:
Process Server
Sandra Jade

## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

DATED: May 14, 2020

Jeffrey M. Halkovich
Attorney for Plaintiff

A True Copy
Attest:
Process Server
Sandra Yale

EXHIBIT A

## LIMITED POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**, that I, _JOHN CRAPPY_ (the "Grantor"), residing at _____ NJ hereby declares as follows:

### I. APPOINTMENT OF ATTORNEY-IN-FACT

I hereby make, constitute and appoint ("Grant") PROGRESSIVE SPINE AND ORTHOPAEDICS, LLC as my true and lawful Attorney-in-Fact and Agent for me and in my name, place and stead and for my benefit, or any alternate appointed in accordance with the provisions of this agreement (the "Attorney-in-Fact" or "Agent").

### II. POWERS OF ATTORNEY-IN-FACT

I grant to my Attorney-In-Fact these limited powers and rights necessary to effect the following, including the power to:

a. pursue by any means necessary the collection of monies, funds, benefits, which may be due from my insurance company or plan sponsor for medical/surgical services performed by PROGRESSIVE SPINE AND ORTHOPEDICS, LLC and/or DR. JOSHUA ROVNER, MD on me. These means include but are not limited to the following powers: The right to obtain documentation from the insurance carrier or plan sponsor, to right to file appeals of any denials or underpayments, the right to file for arbitration, the right to initiate litigation in both state and federal court, the right to collect monies owed on my behalf and for any other means necessary to effect the collection of monies, funds or benefits which may be due me for services rendered by PROGRESSIVE SPINE AND ORTHOPEDICS, LLC and/or DR. JOSHUA ROVNER, MD.

### III. ADDITIONAL POWERS

In addition to and not by way of limitation upon any other powers conferred upon my Attorney-In-Fact and Agent herein, I grant to said Attorney-In-Fact full power and authority to do, take and perform each and every act and thing whatsoever requisite, proper, or necessary to be done, in the exercise of any of the rights and powers herein granted, or available under law to an attorney-in-fact, as fully to all intents and purposes as I might or could do if I were personally present, with full power of substitution or revocation, hereby ratifying and confirming all that said Attorney-In-Fact shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers herein granted.

## IV. HEALTH CARE AUTHORIZATION

This power will also serve to authorize **my Attorney-In-Fact** to act in my place and stead and this shall constitute a limited health care proxy allowing **my Attorney-In-Fact** to execute all necessary forms, make all distributions, pay all bills, and receive all medical benefits from any insurer. He/she shall also take such actions reasonable and necessary to implement such decisions, including the providing of financial resources.

## V. APPROVAL

I hereby approve and confirm all acts my Attorney-In-Fact does on my behalf. I hereby ratify and confirm all acts whatsoever my said Attorney-In-Fact or Agent shall do or cause to be done, by virtue of this power of attorney.

## VI. CONTINUANCE

This power of attorney shall remain in full force and effect until and such time as I revoke the power of attorney in writing and deliver same to PROGRESSIVE SPINE AND ORTHOPEDICS, LLC via certified mail to 440 Curry Ave., Suite A, Englewood, NJ 07631.

## VII. THIRD PARTY RELIANCE

Third parties may rely upon the representations of my Attorney-In-Fact as to all matters relating to any power granted to my Attorney-In-Fact as my Agent, and no person who may act in reliance upon the representations of my Agent or the authority granted to my Agent shall incur any liability to me or my estate as a result of permitting my Agent to exercise any power. Any third party may rely on a duly executed counterpart of this instrument, or a copy thereof, as fully and completely as if such third party had received the original of this instrument. Any third party may rely on the authority of any Alternate Attorney-In-Fact where such Alternate Attorney-In-Fact presents an original executed copy of this Power of Attorney. Such third party need not request proof that my Attorney-In-Fact or any prior named Alternate Attorney-In-Fact is unable or unwilling or serve in such capacity.

## VIII. EFFECTIVE DATE

The Grant to my Attorney-In-Fact shall take effect on the date of the execution of this Limited Power of Attorney.

## IX. CONSTRUCTION

This instrument is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers herein granted to said Attorney-In-Fact. This instrument is executed and delivered in the State of New Jersey, and the laws of the State of New Jersey shall govern all questions as to the validity of this power and the construction of its provisions. Should any provision or power in this document not be enforceable, such enforceability shall not affect the enforceability of the rest of this document.

## X. STATE LAW

This instrument is executed and delivered in the State of New Jersey, but it is intended that the applicable laws of any appropriate state shall govern all questions as to the validity of this power and the construction of its provisions.

This provision shall be interpreted in the broadest terms so as to remain in effect to the fullest extent provided for under the laws of the State of New Jersey, including, but not limited to: N.J.S.A. 46:2B-8.

Witnessed by:

Witness: _____

Witness: _____

Grantor: _____

## ACKNOWLEDGMENT

)
)SS:
)

I CERTIFY that on the 13th day of April, 2020, JOHN CIAPPI, personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a) is named in and personally signed this document; and
(b) signed, sealed and delivered this document as his or her act and deed.

ROZA JATKR
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JAN 26, 2021

3

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-002841-20**

Case Caption: CIAPPI JOHN  VS XPO LOGISTICS, INC. MEDICAL P
Case Initiation Date: 05/14/2020
Attorney Name: JEFFREY M HALKOVICH
Firm Name: HALKOVICH LAW, LLC
Address: 266 HARRISTOWN RD STE 302 GLEN ROCK NJ 07452
Phone: 2012921618
Name of Party: PLAINTIFF : Ciappi, John
Name of Defendant's Primary Insurance Company (if known): None

Case Type: OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
Document Type: Complaint
Jury Demand: NONE
Is this a professional malpractice case?  NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Are sexual abuse claims alleged? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/14/2020                                                          /s/ JEFFREY M HALKOVICH
Dated                                                                                    Signed

A True Copy
Attest:
Process Server

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010